IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JBS PACKERLAND, INC., JBS S.A., JBS USA FOOD COMPANY, and SWIFT BEEF COMPANY,<br><br>Petitioners,<br><br>vs.<br><br>NEBRASKA BEEF, LTD.,<br><br>Respondent. | 8:23CV153<br><br>**ORDER** |

This matter comes before the Court on Respondent's, Nebraska Beef, Ltd.'s, objection to the magistrate judge's order. Filing No. 25 (objection); Filing No. 24 (magistrate judge's order). Magistrate Judge Zwart issued an order on August 1, 2023, granting Petitioners', JBS Packerland, Inc., JBS S.A., JBS USA Food Company, and Swift Beef Company's (jointly, "JBS"), motion to compel. Filing No. 24 at 1. Nebraska Beef subsequently filed the present objection. For the reasons set forth herein, the Court denies the objection.

This case involves a third-party subpoena issued by JBS on Nebraska Beef in relation to litigation ongoing in the District of Minnesota. JBS are the defendants in the underlying litigation. The plaintiffs in that case allege JBS and other meat-packing companies artificially reduced the number of cattle they bought, thereby creating a glut in the market and benefiting by subsequently purchasing the cattle at a lower price. Nebraska Beef is a meat packer not implicated in the alleged pricing conspiracy. Rather, JBS subpoenaed documents from Nebraska Beef to compare its data on cattle procurement to that of JBS in order to disprove that JBS and its codefendants engaged

1

in a market-manipulation scheme. Nebraska Beef has already provided some documentation; in fact, there was a prior case in which Nebraska Beef's motion to quash the subpoena was partially denied. *See In Re Cattle and Beef Antitrust Litigation v. JBS S.A., et al*, 8:22-cv-00204-JFB-CRZ, Filing No. 39.

JBS filed a motion to compel Nebraska Beef to respond to the subpoena in the present case on April 18, 2023. After briefing and a hearing, the magistrate judge determined that:

> Petitioners [JBS] are permitted to select a qualified expert to:
>
> a. examine Nebraska Beef's AS400 computer system to prepare a cost estimate and plan for pulling the transaction-specific cattle supplier data and related procurement data; and
>
> b. pull the AS400 computer information to obtain documents or entries which disclose transaction-specific cattle supplier data and related procurement data, if Petitioners believe the estimate is reasonable and the information to be obtained is worth the cost.

Filing No. 24 at 1.

Nebraska Beef objects to this portion of the magistrate judge's order. Filing No. 25; Filing No. 26. It argues the transaction-specific information JBS seeks is irrelevant in light of the records it has already produced which provide substantial information but do not name individual suppliers. It argues that it would be harmed by the disclosure of such information because its suppliers could choose to do business elsewhere once they discover Nebraska Beef has released otherwise confidential information relating to their transactions. Lastly, it argues producing the data would impose an undue burden on it as a non-party to the Minnesota litigation.

The District Court reviews an order on a nondispositive matter from a magistrate judge upon timely objection from a party.  Fed. R. Civ. P. 72(a).  The Court may modify or set aside the order if it is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).

Nebraska Beef does not argue any legal error in the magistrate judge's order, and the Court cannot say that it was clearly erroneous.  As to relevance, JBS explains that the transaction-specific supplier information is relevant in that it may show that Nebraska Beef had different suppliers than JBS, meaning any data on when Nebraska Beef increased its purchases has no bearing on when JBS increased or decreased its purchases because the two were simply doing business with entirely different companies.  In contrast, if Nebraska Beef and JBS had the same suppliers, this could help explain why Nebraska Beef's purchases were increasing while JBS's were decreasing without supporting that JBS and its codefendants were engaged in a market-manipulation scheme.  The magistrate judge's determination that the information was relevant is not clearly erroneous.

As to Nebraska Beef's concerns about confidentiality, the magistrate judge's order requires the information to be designated confidential and for attorneys' eyes only pursuant to the protective order issued in the underlying Minnesota litigation.  Given this restriction, the order was not clearly erroneous for requiring Nebraska Beef to produce the required information.

Finally, as to undue burden, the magistrate judge's order requires JBS to pay for the costs of extracting data.  The magistrate judge also repeatedly admonished JBS to work with its expert to retrieve the data in the least-disruptive manner possible.  *See* Filing

No. 23 (audio file of hearing held on motion to compel). Such a determination was not clearly erroneous.

IT IS ORDERED:

1. Respondent's, Nebraska Beef, Ltd.'s, Objection, Filing No. 25, is denied. It is ordered to comply with the magistrate judge's order as set forth at Filing No. 24.

Dated this 1st day of September 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

4