IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JBS PACKERLAND, INC., JBS S.A., JBS USA FOOD COMPANY, and SWIFT BEEF COMPANY,<br><br>Petitioners,<br><br>vs.<br><br>NEBRASKA BEEF, LTD.,<br><br>Respondent. | 8:23CV153<br><br>**MEMORANDUM AND ORDER** |

Petitioners (hereinafter "JBS") have filed a motion to compel, for sanctions, and for a finding of contempt of court. (Filing No. 34). The motion will be granted in part, as follows.

BACKGROUND

In August of 2022, JBS, as Antitrust Defendants in a Minnesota lawsuit, In re Cattle and Beef Antitrust Litigation, 0:20-cv-01319 (JRT/JFD) (hereafter "Minnesota Antitrust litigation"), served a third-party subpoena for document production on Nebraska Beef. The Antitrust Plaintiffs had previously litigated a similar subpoena served on Nebraska Beef in this forum. See 8:22-cv-204-JFB-CRZ. That litigation took over a year to resolve.[1] That resolution did not provide all the documents JBS requests.

On April 18, 2023, the Antitrust Defendants moved to compel Nebraska Beef's response to the Antitrust Defendants' third-party subpoena. Nebraska

---
[1] See 8:22-cv-204-JFB-CRZ, Filing No. 39 for an outline of Nebraska Beef's delays in that litigation.

Beef did not promptly respond to the motion to compel. On June 8, 2023, the court entered an order requiring Nebraska Beef to respond to the motion to compel and/or show cause why it should not be granted as unopposed. ([Filing No. 12](#)). Nebraska Beef filed a brief in opposition to the motion to compel on June 22, 2023. ([Filing No. 13](#)). JBS filed a reply brief and motion for oral argument on June 29, 2023. (Filing Nos. [15](#)-[17](#)). Nebraska Beef opposed the motion for oral argument. The court set a telephonic hearing on the motion to compel, to be held on August 1, 2023. (Filing No. 20).

At that hearing, and by written order memorializing the oral rulings, the court ordered Nebraska Beef to cooperate with and allow JBS and its expert, to:

> a. examine Nebraska Beef's AS400 computer system to prepare a cost estimate and plan for pulling the transaction-specific cattle supplier data and related procurement data; and
>
> b. pull the AS400 computer information to obtain documents or entries which disclose transaction-specific cattle supplier data and related procurement data, if Petitioners believe the estimate is reasonable and the information to be obtained is worth the cost.

([Filing No. 24](#)) (hereafter the August 1, 2023 order). The order set a September 8, 2023 deadline for complying. Id. Nebraska Beef appealed the ruling. It was affirmed on September 1, 2023. ([Filing No. 28](#)).

While the appeal was pending, JBS asked to schedule a call with Nebraska Beef's counsel and the person he described as the third-party programmer who had, for two decades, provided technology support for Nebraska Beef's AS400 program. JBS asked to schedule onsite access to copy the AS400 database on September 6, 2023. ([Filing No. 36-2](#)).

2

At the parties' request, the court extended the deadline for complying with the August 1, 2023 order to September 22, 2023. As of that date, Nebraska Beef stated it had found someone knowledgeable with its computer system, and counsel for the parties and Nebraska Beef's technology expert were scheduling a meeting to discuss how to comply with the August 1, 2023 order.

At the parties' request, the court extended the deadline to October 6, 2023. (Filing No. 30). Nebraska Beef's counsel represented that Nebraska Beef was asking its computer support person to copy the files requested by JBS, and if he could not, arrangements would be made for JBS' expert to do so. ([Filing No. 36-3, at CM/ECF p. 2](#)). Nebraska Beef's technology expert purportedly had travel difficulties, so the deadline was extended to October 20, 2023. ([Filing No. 36-3, at CM/ECF p. 3](#)). After the Court granted this third extension request, counsel for the parties met, but the person knowledgeable about Nebraska Beef's computer system did not attend. Nebraska Beef's counsel stated Nebraska Beef believed the information in its computer system would not be useful; that Nebraska Beef did not want to produce the information as required under the court's August 1, 2023 order. JBS' counsel reiterated that pursuant to the court's order, JBS was entitled to the data, and Nebraska Beef either needed to copy the files or provide the necessary passwords so JBS' expert could copy the information. ([Filing No. 36-1, at CM/ECF pp. 2-3](#)).

The deadline was extended to November 3, 2023. (Filing No. 32).

Counsel for JBS sent emails to Nebraska Beef's retained and in-house counsel on October 24, 2023, October 31, 2023, and November 6, 2023. The October 24, 2023 email stated:

> Is the person who runs your computer system (not the data entry person) able to copy over the data by this Thursday? If not, we will

3

> need to (1) arrange a call between your administrator and our expert so that they can discuss any passwords and information needed to access and copy the data, and (2) arrange to have a time for our expert to copy the data.
>
> We need to complete these actions given the Court's recent order.

Having heard no response, JBS' counsel sent a follow up email on October 31, 2023, which stated:

> We need to get this done. Nebraska Beef has not cooperated with having JBS obtain information pursuant to the Court Order. Instead, you have repeatedly delayed and attempted to argue that the information isn't going to be helpful.
>
> Please let us know promptly if you are going to provide a copy of the information or are going to cooperate by having a knowledgeable person talk with our expert to provide information needed to copy the information.

([Filing No. 36-5, at CM/ECF p. 2](#)). When JBS again received no response, its counsel sent the following email on November 6, 2023:

> If you plan to make a copy of the Nebraska Beef data available, we need to do so by this Wednesday.
>
> If you are going to have it copied by Nebraska Beef's computer administrator, we will need to coordinate Tuesday morning to make sure that the correct data is copied.
>
> If you are going to cooperate to have our expert copy it, we will need to coordinate Tuesday morning to make sure that we have access to the system on Wednesday and that the person on your side who knows the administrative passwords and related information is available to provide that information before the imaging is done on Wednesday.
>
> If I don't hear from you tomorrow morning, we will proceed with completing a motion consistent with the Court's recent order.

([Filing No. 36-6, at CM/ECF p. 2](#)).

4

Nebraska Beef did not respond. On November 13, 2023, JBS filed the pending motion to compel, for sanctions, and for a finding of civil contempt. ([Filing No. 34](#)).

## ANALYSIS

The foregoing timeline is undisputed. Rather than having the computer data copied as required under August 1, 2023 order, Nebraska Beef tasked its IT specialist to investigate what data was available and determine if the information would be useful to JBS. That IT specialist had multiple discussions with Nebraska Beef's cattle purchase administrators and financial consultants, reviewed the information stored in the AS400, and ultimately concluded "the transaction-specific cattle supplier information is not accurately contained in the AS400." ([Filing No. 38-2, at CM/ECF p. 5](#)).

Nebraska Beef has stonewalled JBS' effort to obtain the discovery ordered by this court. It requested extensions while promising it was preparing to cooperate with the court-ordered data imaging when, in fact, it was preparing to essentially relitigate the court's prior order; gathering witness statements and evaluating the AS400 data information to argue the data is unreliable, will not assist the Minnesota litigants, and need not be disclosed. Nebraska Beef has invested its time and money into repeatedly claiming that due to its intense competition and the unique structure of its business dealings, it should be immune from compliance with third-party subpoenas. It argues that its information is highly confidential, but this court has already addressed that concern: Any disclosure is subject to the "Attorneys' Eyes Only" terms of the protective order in the underlying Minnesota case.

5

Nebraska Beef repeatedly states it has expended unreasonable amounts of time in responding to the Antitrust litigants' subpoenas, complaining "[t]his litigation has forced Nebraska Beef to engage in massive reallocation of sparse human resources to educate itself on its outdated cattle procurement information system programs operating on its AS400 system." (Filing No. 37, at CM/ECF p. 3). Nebraska Beef created this problem. It admittedly uses outdated technology to track its multi-million-dollar business[2] and claimed to have extreme difficulty gleaning information from that system for responding to the third-party subpoenas. But the court now knows Nebraska Beef has a retained or employed technology consultant who has supported the company's use of the AS400 system for two decades.[3] Prior to November 20, 2023, that person provided no information to this court, either during the related and protracted litigation of the third-party subpoena served by the Antitrust Plaintiffs (8:22-cv-204-JFB-CRZ),[4] or during the eight months the above-captioned action has been litigated.

Nebraska Beef's business model is no doubt unique. But Nebraska Beef is not above the law. Had Nebraska Beef respected the Federal Rules of Civil

---

[2] Nebraska Beef sells $850 million of beef annually. (8:22-cv-204-JFB-CRZ, Filing No. 11-2, at CM/ECF p. 2).

[3] In response to discovery in 8:22-cv-204-JFB-CRZ, Nebraska Beef objected to producing computerized information from its AS400 system, explaining "Nebraska Beef does not maintain a complex computer system nor an IT department. This request is unduly burdensome because it would require Nebraska Beef to hire an expert in electronic discovery in order to determine if such data is present in its system." 8:22-cv-204-JFB-CRZ, Filing No, 34, at CM/ECF p. 32.

[4] As stated in the court's order in 8:22-cv-204-JFB-CRZ:

> "[A]s of right now, Nebraska Beef has not explained how it uses technology, the extent of devices, computers, or cloud storage where responsive information may be located, or the formats of that data. It has not identified, by name, the likely custodians of the information sought by Plaintiffs' subpoena. It has not explained whether those custodians use stand-alone computers or store information on a local network or in cloud storage. It has, quite frankly, done nothing to assist this court in understanding the burden and cost it will incur when performing a search for digital information responsive to Plaintiffs' subpoena.

8:22-cv-204-JFB-CRZ, Filing No, 39, at CM/ECF p. 32.

Procedure by candidly and in good faith conferring with opposing counsel regarding the subpoenaed information, responding to the third-party subpoenas by the antitrust litigants, and doing so in a manner that assured the just, efficient, and inexpensive resolution of the proceedings, its costs could have been limited and perhaps recovered by court order. Instead, Nebraska Beef's reticent attitude has devoured countless hours of court time and delayed the resolution of the third-party actions in this forum and, no doubt, the Minnesota Antitrust litigation.

Against this backdrop of filibustering, Nebraska Beef now expects the court and JBS to accept, at face value, that the information within the AS400 is so inaccurate that JBS should abandon any effort to obtain it, and this court should not enforce its prior order. I am not convinced.

Under Federal Rule of Civil Procedure 37(b)(2)(A), a district court may impose sanctions for discovery violations. The court must decide whether the sanction imposed is just and specifically related to the claim at issue. Baker v. General Motors Corp., 86 F.3d 811, 817 (8th Cir.1996), rev'd on other grounds, 522 U.S. 222 (1998). Nebraska Beef is not a litigant in the Minnesota Antitrust Litigation, so sanctions limiting the use of evidence or dismissing claims are useless in this proceeding. JBS moves for attorney fees and a finding of contempt. Nebraska Beef's stance in this case was and is not substantially justified. Attorney fees will be granted. As to the issue of contempt, the court will give Nebraska Beef one last and final opportunity to <u>immediately</u> comply with the August 1, 2023 Order. If it chooses not to, the undersigned Magistrate Judge will certify Nebraska Beef's acts or conduct constituting contempt to the assigned District Judge. 28 U.S.C. § 636(e).

Accordingly,

IT IS ORDERED that JBS' Motion, ([Filing No. 34](#)), is granted, in part, as follows:

1) On or before December 15, 2023:

    a. Nebraska Beef and its IT consultant knowledgeable on the AS400 system, Williams E. Carpenter, Jr., will personally meet with JBS' counsel and perhaps its expert regarding the imaging of the AS400 for disclosure of the information described in the court's August 1, 2023 order.

    b. Nebraska Beef shall fully explain all information within Mr. Carpenter's affidavit. JBS may choose to obtain this information through informal discussions or by deposing Mr. Carpenter and/or Nebraska Beef's 30(b)(6) representative.

2) On or before December 22, 2023, Nebraska Beef will disclose to JBS the information described in the August 1, 2023 order. JBS may elect to have Nebraska Beef provide copies of the information, or it may image the AS400 itself to secure compliance with the order.

3) JBS is entitled reimbursement for its attorney's fees and expenses incurred in preparing its Motion to compel, for sanctions, and for a finding of contempt. As to the assessment of attorney fees and costs:

    a. On or before December 15, 2023, JBS shall submit an itemized billing statement of its fees and expenses associated with the motion to counsel for Nebraska Beef.

    b. Nebraska Beef's counsel shall respond to this itemization no later than December 22, 2023, and

        i. If Nebraska Beef does not timely respond, the fee request will be deemed undisputed, and on or before December 27, 2023, JBS shall file a notice of the fees to be awarded.

        ii. If the parties agree as to the amount to be awarded, on or before December 27, 2023, they shall file a joint stipulation for entry of an order awarding costs and fees to JBS.

8

    iii. If Nebraska Beef timely objects to JBS' statement of attorney fees and costs to be awarded, JBS shall file a motion for assessment of attorney fees and costs by no later than December 28, 2023. This motion shall be submitted in accordance with the court's fee application guidelines outlined in Nebraska Civil Rules 54.3 and 54.4, but a supporting brief is not required.

    iv. If a motion for assessment of fees is required, the court may award JBS up to an additional $2000.00 to recover the cost of preparing that motion.

4) No extensions of the dates within this order will be granted absent a formal hearing and a substantial showing of good cause.

5) Any objection to this order must be filed on or before December 15, 2023.

December 11, 2023.

                BY THE COURT:

                *s/ Cheryl R. Zwart*
                United States Magistrate Judge